UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FRAZER,<br><br>    Petitioner,<br><br>    v.<br><br>NEIL MCDOWELL,<br><br>    Respondent. | No. 1:20-cv-01092-DAD-SAB-HC<br><br>ORDER ADOPTING AMENDED FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 30) |

Petitioner Daniel Frazer is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 26, 2022, the assigned magistrate judge issued amended findings and recommendations recommending that the petition be denied.  (Doc. No. 30.)  The amended findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within thirty days after service.  Petitioner filed timely objections. (Doc. No. 31.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court holds the amended findings and recommendations to be supported by the record and proper analysis.

1    Specifically, the court rejects petitioner's argument that the court was required to conduct a retroactivity analysis pursuant to *Teague v. Lane*, 489 U.S. 288 (1989). As the Magistrate Judge stated in the findings and recommendations, and as petitioner acknowledged in his objections, *Carpenter v. United States*, 138 S. Ct. 2206 (2018) was decided while petitioner's case was still on direct appeal. (Doc. No. 30 at 20; Doc. No. 31 at 4.) Therefore, an opportunity to litigate that claim existed on direct appeal. No retroactivity analysis is required or necessary. Additionally, petitioner's objections to the amended findings and recommendations claim that the Magistrate Judge relied on hearsay and presumptions in concluding that the government obtained a search warrant for petitioner's phone records. (Doc. No. 31 at 4–7.) This is not the case. Rather, the Magistrate Judge properly took judicial notice of a search warrant in the records of the Eastern District of California seeking records from petitioner's cell phone in 2010. (Doc. No. 30 at 21.)

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Therefore, the court declines to issue a certificate of appealability.

///

///

Accordingly,

1. The amended findings and recommendation issued on April 21, 2021 (Doc. No. 30) are adopted;
2. The petition for writ of habeas corpus is denied;
3. The Clerk of Court is directed to close the case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   September 2, 2022

UNITED STATES DISTRICT JUDGE